Judge Grimke
delivered the opinion of the court:
This was an ejectment on a mortgage executed by the defendant to the lessor of the plaintiff, conditioned for the payment of five hundred dollars. The defense was, that although this was the consideration expressed in the deed, yet, that the roal consideration was an agreement on the-part of the plaintiff not to prosecute the son of the defendant for a theft, and that the mortgage was given to secure the payment of one thousand dollars, as a reward for that purpose. In Raguet v. Roll, 7 Ohio, 76, which was a scire facias on the same mortgage, it was held that this defense might be set up for the purpose of avoiding the payment of the money; and it is now supposed that it will be equally effectual in bar of the action of ejectment. In the act under which the scire facias was instituted, it is provided that the defendant may plead any plea which would be good in avoidance of the land or money '; so that the principles decided in the former case do not necessarily furnish a governing rule for the determination of this. The distinction between an executed and executory contract, where the consideration is unlawful, is a very plain one. In the former case, the court will not annul; in the latter, they will not enforce, and this course, so totally opposite’in the two cases, is intended to be subservient to the same end, the prevention of an immoral act. As long as the agreement continues executory, there is an incentive to the . commission of the deed; but when it is executed, no further motive of this kind exists, since the estate has already vested, or the money actually been paid. It may be supposed, *362 however, that although a deed operates an actual transfer of the title to land, yet, if it is necessary to institute an action in order to recover possession, the court will not enforce the right of recovery ; in other words, that the principle in pari delicto, etc., comes in conflict with the other principle to which I have referred, and that it necessarily affords the governing rule of determination. Where two apparently opposite principles have been established, the presumption is that they are both intended to have effect, and *that the one shall not annul or neutralize the operation of the other. The rule in pari delicto, etc., then will be found to be universally applicable to executory agreements only. Thus, in Hawes v. Leader, Cro. Jac. 270, the intestate of the defendant granted by deed to the plaintiff all his goods; the real purpose was to defraud creditors ; the grantee brought an action to recover them, and obtained judgment. So in Starke’s Ex’r v. Littlepage, 4 Randolph, 368, which was an action of detinue to recover personal property transferred by a fraudulent bill of sale by the defendant to the plaintiff’s intestate, the contract was enforced, and the plaintiff recovered. The rule, then, does not apply when the policy of the law requives that a fraudulent or vicious conveyance should be enforced, and such is declared to be the law by Coke in his Commentary on Littleton, and by Powell in his Treatise on Contracts. But there are exceptions to the rule in pari delicio, etc., even in its application to executory agreements. Watts v. Brooks, 3 Ves. 612, is an instance of this, where the plaintiff and defendant having entered into a contract to be jointly concerned in ship insurances in violation of the statute, 6 Geo. I, although the court would not execute the contract, it would not exclude the result of it in decreeing a general acecount. And in Osborne v. Williams, 18 Ves. 379, the exception was pushed still farther; it was held that the rule “ in pari delicto melior est conditio possidentis,” “ preventing suit,” is not universal, and a direct decree was made‘in favor of the plaintiff, although the agreement was a fraud on the post office.
If the deed in this instance were an absolute conveyance, there could be no doubt then of the right of the plaintiff to recover. The real difficulty arises out of the double character of the instrument, which is evidence of a debt hereafter to be paid, and at the same time operates an actual transfer of the land to the mortgagee. Although a strong disposition existed once to treat a *363 mortgage as a mere chose in action, and although individual judges were heard to declare that the money was the principal, and the land only the incident, and that whatever would carry the money would convey the land, yet such is not now supposed to be the law. A mortgage is in reality a conditional fee, which is as large an estate.as a fee simple, though it may not be so durable. And the case comes then within the principle, that when a conveyance has actually been executed on an unlawful consideration, the court *will not merely not annul it, they will even permit it to be enforced. The cases put by elementary writers are all of them conveyances on condition. Thus, if a feoffment be made to one man, on condition that he shall kill another, it is said to be good and unavoidable. But in the case of a mortgage, it may be said that there are two conditions — one to be performed by the grantor, the other by the grantee ; the former is to pay the one thousand dollars, the latter is to suppress a criminal prosecution. This is the apparent, but it is not the real nature of the transaction ; and it is in consequence of this false appearance, that the question seems to be surrounded with an unusual decree of difficulty. A mortgage is in reality an actual payment of the debt, as well as an actual transfer of the land, although, in consequence of the land being sometimes greater in value than the debt, an equity was supposed to arise in favor of the mortgagor, which was called his right of redemption, and which is now extended to every case of a conveyance by way of mortgage. It is a mere equity, then; an equity which is not recognized by a court of law, but only by a court of chancery; ar. equity which, proceeding on the ground that the debt has already been paid in one way, enables the grantor, on certain terms, to pay it in another. There is, then, no real difficulty in the case, however intricate the questions presented may at first sight appear to be. The testimony offered to impeach the deed was improperly admitted, and there must therefore bo a new trial.